# IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

FILED

October 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

LINDA ADKINS,          )    CLAIBORNE CIRCUIT
                    )

    Plaintiff/Appellant    )     NO. 03A01-9804-CV-00141
                    )

v.                  )    HON. CONRAD TROUTMAN
                    )    JUDGE

RICK KECK and       )
TORBETT AUTO SUPPLY,  )
                    )

    Defendants/Appellees   )    AFFIRMED

R. Jackson Rose, Harrogate, for the Appellant.

James D. Estep, III, Tazewell, for the Appellee, Rick Keck.

David L. Hill, Knoxville, for the Appellee, Torbett Auto Supply, Inc.

## O P I N I O N

INMAN, Senior Judge

The plaintiff suffered an alleged whiplash injury on March 17, 1994 when her vehicle was struck from behind by the vehicle operated by the defendant Keck, who was on the business of his co-defendant. The jury returned a verdict for the plaintiff[1] for $9,340.00 and apportioned 15 percent of the fault to her, apparently accepting the defendant Keck's testimony that the brake lights on the plaintiff's car were inoperable.

Her motion for a new trial was denied, and the plaintiff appeals. She presents for review these issues, which are reproduced verbatim:

1. The verdict of the jury is against the weight of the evidence as it is not supported by the evidence.

2. The entire amount of medical bills, which were filed with the Complaint and furnished to the defendant more than 90 days before

---

[1] Property damages were not involved.

the trial, should have been presented to the jury for their consideration.

3. The jury should not have been charged "a sudden stop without warning will constitute negligence if there is [sic] no emergency is shown to have justified it and is made in disregard of the presence of vehicles following so closely behind that the operator of this vehicle may be unable to stop to avoid a collision."

4. The jury should not have been charged "the operator of a car behind it is not on the other hand under a duty to be prepared for movements or changes which could not be reasonably anticipated."

5. The jury should not have been charged "that $2,500.00 was the maximum on medical bills."

6. The jury [verdict] [sic] is flawed in that it did not provide for permanent impairment even though that proof was unrebutted.

7. The jury verdict as to lost wages is inadequate based on the uncontradicted proof presented in the case.

8. The trial Court should have suggested an additur.

In reviewing a judgment based on a jury verdict we are not at liberty to weigh the evidence but are limited to a determination of whether there is material evidence to support the verdict, which requires that we take the strongest legitimate view of all the evidence in favor of the verdict, assume the truth of all that tends to support it, allow all reasonable inferences to sustain it, and discard all to the contrary. *Pullins v. Fentress County Gen. Hospital,* 594 S.W.2d 663 (Tenn. 1980).

The plaintiff is a petite lady, 39 years old at the time of the accident. She was referred by her family physician to Dr. J. Samuel Marcy, an orthopedic specialist, for treatment of a cervical sprain. She was employed by a furniture manufacturer, and was off from work for four months,[2] undergoing therapy to correct cervical stiffness and pain.

---

[2] W-2 Forms for 1991 through 1994 were filed in evidence, which tended to prove that in 1994 the plaintiff earned more than in 1993. She testified, when asked about her average weekly earnings, that she earned "sometimes five hundred dollars a week," based on production. No precise evidence as to lost wages was presented, and the jury may have found her testimony misleading.

Dr. Marcy testified that the plaintiff had no significant cervical spine muscle spasm but did have significant tenderness on palpation, with a 15 - 20 percent limitation of motion. He delayed the plaintiff from returning to work sooner than she did owing to her petite size, because her job required that she pull 70 pounds on occasion. Examination revealed no neurologic deficit. He rated her permanent impairment at five percent and described her injury as minor.

Dr. Marcy's charges for treatment of the plaintiff were $330.00. His fee for testifying by deposition was $650.00.

The verdict was separated by the jury, which allowed $2,500.00 for medical expenses, $3,840.00 for lost wages, and $3,000.00 for pain and suffering. The trial judge declined a request for additur.

## LOST WAGES ISSUE

The plaintiff argues that she earned $500.00 per week and that she lost 17 weeks' work. Hence, she says, the award of $3,480.00 is inadequate. She testified that "sometimes" she earned $500.00 per week, and the documentation revealed that during the year of the accident she earned more than during the prior year. The issue of credibility was probably more pronounced than in the ordinary case, and we cannot say that the jury's award is not supported by material evidence.

## MEDICAL EXPENSES ISSUE

The plaintiff alleged that she incurred medical expenses with no itemization. She filed illegible copies of certain expenses as a collective exhibit to her complaint, but offered no further proof therein, or of the necessity or reasonableness of such expenses, other than the testimony of Dr. Marcy concerning his charges of $330.00.

T.C.A. § 24-5-113(a)(1) provides that the itemization or exhibition of the medical expenses shall be prima facie evidence that they were necessary and

reasonable, but this presumption does not apply to expenses in excess of $2,500.00.

The trial judge instructed the jury that the maximum allowable expenses were $2,500.00, apparently finding that section (b)(1) was inapplicable. This section provides that in addition to the procedures described in section (a)(1), if an itemization of or copies of the expenses are served 90 days prior to trial, a rebuttable presumption that such expenses are reasonable is created. No itemization or copies were served, and the plaintiff made no request for instructions regarding a presumption applicable to any amount in excess of $2,500.00. In point of fact, the jury *heard no evidence concerning medical expenses* other than the testimony of Dr. Marcy; the plaintiff testified that she "incurred a lot of medical expenses and bills," and was not further questioned about this element of her damages. In a very real sense, the trial judge came to her rescue when he instructed the jury that the award of medical expenses was limited to $2,500.00.

## THE INSTRUCTIONS

The plaintiff complains that the jury should not have been instructed that "a sudden stop without warning will constitute negligence if there is [sic] no emergency is shown to have justified it and is made in disregard of the presence of vehicles following so closely behind that the operator of this vehicle may be unable to stop to avoid a collision," and that "the operator of a car behind it is not on the other hand under a duty to be prepared for movements or changes which could not be reasonably anticipated."

The plaintiff argues that no evidence was presented that she created an emergency, and thus there was no evidentiary basis for these instructions. We cannot agree. The defendant testified that the plaintiff stopped suddenly, without

4

warning, that the brake lights on her automobile were inoperable, and that he was unable to stop in time.  At any rate, it was within the peculiar province of the jury to determine the truth of the matter from a preponderance of all the evidence, and the fact that the jury allocated 15 percent of the fault to the plaintiff bespeaks their consideration of the issue.

## THE ISSUE OF PERMANENT IMPAIRMENT

The jury allowed no recovery for permanent impairment, and the appellant argues that this omission militates against the verdict, since the testimony of Dr. Marcy that she retained a five percent impairment was unrefuted.

Dr. Marcy testified that the injury was a minor one; that it runs its course with treatment and exercise and return to work.  The jury had the benefit of observing the plaintiff and evaluating her testimony against the depositional testimony of Dr. Marcy, whose *de minimis* evaluation of impairment should be considered in conjunction with all of the evidence.  *See, Clinchfield R.R. Co. v. Forbes,* 417 S.W.2d 210 (Tenn. 1966).

## THE ADDITUR ISSUE

This Court does not have the authority to grant an additur.  T.C.A. § 20-10-101.  We review the action of the trial court in suggesting an additur pursuant to Tennessee Rule of Appellate Procedure 13(d); T.C.A. § 20-10-101(b)(2).  The standard of review for this court is whether the amount awarded by the jury falls below the range of reasonableness.  *Smith v. Shelton,* 569 S.W.2d 421 (Tenn. 1978).

We find that, in this case, the jury's verdict was within the "range of reasonableness," and therefore, the trial court did not abuse its discretion in declining to suggest additur.

5

The judgment of the trial court is affirmed in all respects, with costs assessed to the appellant.

_____
William H. Inman, Senior Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Don T. McMurray, Judge